**Ryoko CUNNINGHAM, biological mother, Plaintiff-Appellee,**

v.

**Terrence CUNNINGHAM, father, Glenda Cunningham, paternal grandmother, Defendants-Appellants.**

**No. 17-11139**

United States Court of Appeals, Eleventh Circuit.

(September 5, 2017)

Kathleen A. M. Krak, Nicole Louise Ballante, Shutts & Bowen, LLP, Orlando, FL, Maxine M. Long, Shutts & Bowen, LLP, MIAMI, FL, for, Plaintiff-Appellee

Michael Morgan Giel, Giel Family Law, PA, Jacksonville, FL, Jennifer L. Kifer, Terrence Joseph Russell, Lindsay Dennis Swiger, Holland & Knight, LLP, Jacksonville, FL, for Defendants-Appellants

Before TJOFLAT, JORDAN, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

This case arises from a dispute between Ryoko Cunningham and Terrence Cunningham, a once-married couple, concerning their minor child under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, as implemented by the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq*. Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

After custody disputes in Florida state court led to Mr. Cunningham's mother, Glenda Cunningham, obtaining physical custody of the minor child, and Mrs. Cunningham's then abrupt departure from the United States to Japan, Mrs. Cunningham filed a verified petition for the return of her child pursuant to the Hague Convention to have the child returned to Japan. The district court concluded, after conducting a four-day evidentiary hearing, that the child's habitual residence—before Mr. Cunningham and his mother retained the child—was Japan, that the child had been wrongfully retained in the United States, and that the child should return to Japan.

The district court also concluded that Mr. Cunningham had failed to prove his affirmative defenses, finding that Mr. Cunningham did not establish that Mrs. Cunningham acquiesced to the child's residence in the United States, that the child would be subject to a grave risk of harm if it were to return to Japan, or that the child was well-settled in the United States. Mr. Cunningham and his mother now appeal.

Mr. Cunningham and his mother argue that the district court erred in concluding that the child's habitual residence before they retained the child was Japan because the shared intent of the parents (Mr. Cunningham and Mrs. Cunningham) at all relevant times (and particularly in March of 2015) was for the child to reside in the United States. They further argue that the district court erred in rejecting their arguments that Mrs. Cunningham acquiesced to the child's residence in the United States and that the child was well-settled in the United States. Mr. Cunningham and his mother also generally assert that the district court improperly weighed the evidence presented.

A district court's determination of a child's habitual residence under the Hague Convention is reviewed as a mixed question of law and fact, so underlying factual determinations are reviewed for clear error and the application of legal principles to the facts are reviewed *de novo*. See *Ruiz v. Tenorio*, 392 F.3d 1247, 1251–52 (11th Cir. 2004). A district court's rulings as to a respondent's affirmative defenses under the Convention are similarly reviewed under a mixed standard of review. See *Seaman v. Peterson*, 766 F.3d 1252, 1258, 1261–62 (11th Cir. 2014) (applying a mixed standard of review in a case involving a grave risk of harm defense). See *also*

---

[*] The Honorable Paul C. Huck, Senior United States District Court Judge for the Southern District of Florida, sitting by designation.

*Gomez v. Fuenmayor*, 812 F.3d 1005, 1008 (11th Cir. 2016) (explaining that whether a grave risk of harm exists is a mixed question of law and fact that is reviewed *de novo* in a case where factual findings were undisputed); *Hernandez v. Garcia Peña*, 820 F.3d 782, 787 (5th Cir. 2016) ("A district court's determination of whether a child is well-settled presents a mixed question of law and fact.").

Following oral argument and a review of the record, we find no error in the district court's rulings given the unique factual circumstances presented. We affirm for the reasons set forth in the district court's thorough order.

**AFFIRMED.**